No. 10666. PETITION OF EDWARD L. JONES.
387 P.2d 300.

Decided October 24, 1963.

Edward L. Jones, pro se.

PER CURIAM.

This is an application by an inmate of the Montana State Penitentiary for a writ of error coram nobis or other appropriate writ. The application is handwritten and consists of what is termed "Statement of Facts, Brief and Petitioner's Allegations." Previously, on June 28, 1963, the petitioner had written this Court a letter which was replied to on July 9, 1963.

From the application it appears that the petitioner entered a plea of guilty to the crime of burglary in the first degree; and on January 17, 1963, was sentenced to the term of ten years by the Honorable R. J. Nelson, Judge of the Eighth Judicial District Court in Great Falls. It also appears that petitioner was represented by court-appointed counsel, Ted James, Esq., of Great Falls.

On this petition it appears, too, according to petitioner's version, that he had signed a confession to the crime with which he was charged.

His present application for relief is based upon the assertion that he was guilty of second degree burglary in that he committed the burglary before sundown, at about 4:20 P. M. on December 24, 1962, whereas sundown on that date was at 4:38 P. M. He further asserts that he has been denied his constitutional rights in that he was not represented by effective, proper, qualified and competent counsel. To reach this assertion, petitioner suggests that proof of incompetency of counsel is that had he been competent he would have discovered that the burg-

lary was in daytime and not nighttime; and therefore second degree.

Petitioner begins his story with this account: "On December 24, 1962, myself, sister, brother-in-law, and a friend of the family were having a party * * * celebrating in the customary Christmas Eve fashion. We were all drinking beer, and had been drinking the better part of the day. * * *."

Then the account relates two minor boys' participation with petitioner in the burglary and theft of a camera.

Petitioner seems to try to convey the thought that he was too sick from drunkenness to understand anything, but that the two minor boys really were the principals in the burglary. The only thing petitioner seems clear on is the times of day involved since he remembers that "We (meaning petitioner and two minor boys) left the apartment (time about 4:20 P. M.) and went directly home."

Petitioner admits that he told investigating officers that the burglary was committed "late on December 24." He gives as an explanation that since he had only been out of the Federal Penitentiary for two months after serving six years, that the investigating officers might mistreat him. He then goes on to assert that the investigating officers intimidated and coerced him.

We shall not relate in detail all the assertions of petitioner. We have the recently familiar assertions after a guilty plea and sentence of (a) lack of understanding; (b) incompetency of counsel; (c) someone else is responsible; (d) I now have an alibi; and (e) the sentencing judge was prejudiced.

However, as in each case presented, we examine carefully the story and the consequences. The story is pregnant with inconsistencies, so much so that little or no credence can be attached to it. In addition, we examine the consequences in that a ten-year sentence was meted out. Here, we have a man, who by his own version, had just been released from having served a six-year sentence in Federal Prison. This not being his first offense, and as he relates it, the judge having inquired from him

as to prior record as it appeared on his fingerprint return, under Montana law he might well have received the same sentence even if his plea of guilty had been to a second degree burglary charge rather than a first degree charge. (See R.C.M. 1947, section 94-4713.)

Taking all of these circumstances into account, we do not find that any rights of the petitioner have been violated nor that he received unjust or undue punishment nor that his application is meritorious.

It is therefore denied.