Robert L. **BUTLER**, Petitioner,

v.

John C. **BURKE**, Warden, Wisconsin State Prison, Respondent.

No. 65–C–29.

United States District Court
E. D. Wisconsin.

July 12, 1965.

Donald S. Eisenberg, Anderson, Bylsma & Eisenberg, Madison, Wis., for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

TEHAN, Chief Judge.

This is a petition for writ of habeas corpus by an inmate of the Wisconsin State Prison. Petitioner is in custody by virtue of a commitment to the State Department of Public Welfare for treatment under provisions of § 959.15(6) of the Wisconsin Statutes (known as the Wisconsin Sexual Deviate Act) following his conviction in the County Court of Walworth County, Wisconsin, Honorable Erwin C. Zastrow Presiding, on August 13, 1962, on a plea of guilty to an information charging violation of § 944.12 of the Wisconsin Statute "[e]nticing a child for immoral purposes." Petitioner, who is represented here by privately retained counsel, Donald Eisenberg, asserts that his present confinement is in violation of his constitutional right to counsel as guaranteed by the Sixth and Fourteenth Amendments of the Federal Constitution. Respondent is represented by William A. Platz, Assistant Attorney General for the State of Wisconsin.

Before proceeding here, petitioner brought a petition for writ of habeas corpus in the State of Wisconsin citing the same grounds, inter alia, for relief as presented here. By order of the Supreme Court, an evidentiary hearing was held before the Circuit Court for Walworth County before the Honorable M. Eugene Baker, Circuit Judge, whose findings of fact were subsequently confirmed by the Wisconsin State Supreme Court. On the basis of these findings, the Wisconsin Supreme Court filed its opinion and order denying the petition.

The parties have agreed that no evidentiary hearing in this court is necessary and the case has been submitted on the pleadings and on the transcript of the record in the original state court proceeding, attached to the petition, the transcript of the evidentiary hearing before Judge Baker, filed by respondent, the oral argument and legal briefs of counsel.

The petitioner does not claim that he did not receive a full and fair fact hearing on the disputed factual issues in the habeas corpus proceedings before the Circuit Court of Walworth County. Our own examination of the record convinces us that such a hearing was afforded and that that hearing resulted in reliable findings. We will therefore, accept the historical facts as found by the State court limiting our consideration to the legal conclusions to be drawn therefrom.

The court found that petitioner was arrested and taken into custody on Saturday evening, August 11, 1962. On Sunday morning, August 12th, at the office of Chief Deputy Sawyer, petitioner was identified by the boy involved in the alleged crime and on Sunday afternoon was interviewed by Chief Deputy Sawyer. On Monday morning, August 13th, he was taken before the Honorable Erwin C. Zastrow, County Judge for Walworth County, sitting as magistrate. He was asked by the court whether he understood what a preliminary hearing was and he stated that he did. He then waived a preliminary hearing and was bound over at once to the County Court, Branch 2, and immediately arraigned by Judge Zastrow, sitting as County Judge. The transcript of the proceedings discloses that petitioner was advised of his right to be represented by counsel of his own choice, and was informed that if he was without funds the court would ap-

point an attorney for him. Petitioner stated he preferred to proceed without an attorney. The information was read to him and he entered a plea of guilty to the charge after stating he understood it. The court did not make any inquiries as to the voluntariness of the plea nor did the court advise petitioner of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses to the charges or circumstances in mitigation thereof. However, it was the further undisputed finding of the Circuit Court, that prior to his appearance in court, the District Attorney had informed petitioner that violation of § 944.12, of the Wisconsin Statutes, as applied to his case carried a possible maximum penalty of ten years imprisonment. The State court also found that no promises or threats were made to induce petitioner to waive counsel and plead guilty.

Neither the court nor anyone else ever informed the petitioner of the provisions of the Wisconsin Sex Deviate Act, § 959.15, which provides that if, after conviction of a prisoner for a crime, the court finds the defendant was probably directly motivated by a desire for sexual excitement in the commission of the crime, it may commit the defendant to the Department of Public Welfare for a pre-sentence examination. After completion of the examination (but not later than sixty days after the commitment order) the report is forwarded to the court with the recommendation of the Department. If the Department recommends specialized treatment, the court may either place the defendant on probation with the requirement that he receive out-patient or in-patient treatment or commit him to the Department of Public Welfare for further treatment in an institution designated by the Department. The designated institution in this case is the Wisconsin State Prison at Waupun. Although a commitment is indefinite on its face, § 959.15(12) provides that the defendant shall be discharged at the end of the maximum term (in this case ten years) minus good time, unless the com-

mitting court, upon application of the Department for review of an order extending its control, and after a hearing, finds that the discharge of the person committed would be dangerous to the public because of his mental or physical deficiency, disorder or abnormality and confirms the Department's order of continuing control. § 292.12, § 292.13, § 292.14, Wisconsin Statutes. However, § 292.14, Wisconsin Statutes, provides that the person whose liberty is involved shall be afforded the opportunity to appear in court with counsel, to have compulsory process to call witnesses and produce evidence. He is not, however, entitled to a jury trial.

In the case at bar, following petitioner's plea of guilty, the District Attorney offered, and the court received three exhibits comprising (1) statements made and signed by the defendant on Sunday afternoon during an interview with the Chief Deputy, Sawyer; (2) a written statement by a witness to the alleged crime; and (3) interviews of the Chief Deputy Sheriff with the boy involved in the incident from which the charge stemmed. Thereupon, the court adjudged petioner guilty and having found that the petitioner was probably directly motivated by a desire for sexual excitement in the commission of the crime, invoked the provisions of the Wisconsin Sex Deviate Act heretofore described. The court adjourned the matter to August 27, 1962, to give the District Attorney time to communicate with the State Department of Public Welfare to determine whether there were adequate facilities for making the examination.

The petitioner was returned to court the next morning, August 14th, and the District Attorney having informed the court that he had been advised by the Department that it would accept defendant for a pre-sentence examination, the court ordered the petitioner committed to the Department for a pre-sentence investigation. After the return of the petitioner from the sixty day period of observation, and on October 15, 1962, the defendant was committed to the custody of the Wis-

consin State Department of Public Welfare for treatment under the Sex Deviate Law.

Thus, the maximum confinement is for a period of ten years with the possibility of extended incarceration under § 292.13.

The sole issue raised by this petition is whether the petitioner's ignorance of the provisions of the Sex Deviate Law, and the failure of the court and any other person to apprise him of said provisions, compels a finding, as a matter of law, that petitioner did not voluntarily waive his right to counsel.

Judge Baker found that the petitioner is a college graduate of high normal intelligence. At the time of the arrest he was employed by the International Business Machine Corporation in the City of Chicago and was not an indigent. At the interview with Chief Deputy Sawyer on Sunday afternoon following his arrest, he expressed concern and fear of the publicity which a court trial would engender because of its effect on his job and on his friends and relatives in the Delavan area. For these reasons petitioner stated he wanted to get the matter over as quickly as possible. Chief Deputy Sawyer informed petitioner that it would take less time and involve less publicity if petitioner waived an attorney and pleaded guilty to the charge. Petitioner knew at the time he waived counsel and entered his plea that a violation of § 944.12 of the Wisconsin Statutes carried a possible penalty of ten years' imprisonment. He did not know and was not told by anyone that there was a Sex Deviate Law and that its procedures might be applicable to his case nor was he aware or made aware of the implications of that law with respect to commitment. He knew the nature of the charge brought against him and he knew that taking indecent liberties with the privates of a small boy would be illegal and wrong under the law but he did not believe it was a particularly violent act.

About three weeks prior to the instant offense, petitioner had appeared before the same judge on a charge of disorderly conduct under a town ordinance. This appearance was on July 23, 1962, and the alleged factual basis for this charge involved an act by petitioner in relation to an adult male similar in part to the act involved in the instant charge. In that case the petitioner changed his plea of Not Guilty to Guilty for the stated reason that a trial would interfere with his employment. Upon his plea of guilty the court found petitioner guilty and imposed a fine of $40.00 and costs.

From these facts and others, the Honorable M. Eugene Baker made the ultimate findings of fact "That petitioner deliberately and knowingly waived his right of counsel and entered a plea of guilty; that his conduct in this regard was motivated by his desire to avoid the publicity which a trial would likely engender coupled with the erroneous assumption that his acts, though wrong and illegal, were not so violent as to either require or induce a court to impose any extended confinement upon him."

There is no longer any doubt that under the due process requirements of the Fourteenth Amendment, it is incumbent upon the states to guarantee to defendants the same rights to be represented by counsel heretofore extended defendants in federal courts by the Sixth Amendment to the United States Constitution. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

Almost twenty years ago, in Johnson v. Zerbst (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, the United States Supreme Court held that the constitutional right of an accused to be represented by counsel imposes the duty on the court of determining whether there is an intelligent and competent waiver by the accused of the right to counsel. In Von Moltke v. Gillies, (1948) 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, the United States Supreme Court stated that it is not enough that the accused be informed of his right to counsel and indicates a desire to waive counsel. A waiver must be made with "an apprehension of the nature of the charges, the statutory offenses included within them, the range of

allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *"
(P. 724, 68 S.Ct. p. 323)

The obligation of the trial court to apprise the defendant of the seriousness of the circumstances does not require adherence to an all-inclusive and inflexible ritual that the trial judge must follow in every case. An illiterate defendant of low mentality needs and is entitled to a fuller explanation than a person of high mentality and education. Similarly, numerous and complex charges as in the *Von Moltke* case, supra,[1] dictates for greater caution on the part of the trial court, although the defendant accused be highly intelligent and well educated. The failure to explain the range of punishments may be much more critical where the maximum is possibly incarceration for life and the defendant believes the law prescribes only a few months in prison or a fine.

In the case at bar, although we believe the trial court should have advised the defendant more fully, we are convinced that under the circumstances present here, the defendant had enough appreciation of the seriousness of his circumstances that his waiver of counsel was not rendered ineffective simply because of his ignorance of the precise provisions of the Wisconsin Sex Deviate Act. He did know that he faced a possible sentence of ten years incarceration. He is, in effect, now serving a commitment for the maximum period of imprisonment provided for by the Statute—ten years— and any extension of that commitment requires confirmation by the committing court at which time he is afforded all the requirements of due process. See State ex rel. Volden v. Haas (1950) 264 Wis. 127, at p. 130, 58 N.W.2d 577. We agree with the Wisconsin Supreme Court opinion that

" * * * his awareness of a possible ten year imprisonment was sufficient notice of the seriousness of the situation so that a person of his intelligence must be held to the consequences of his plea."

And we add thereto, that his ignorance of the provisions of the Wisconsin Sex Deviate Act and its effect does not detract from his free and voluntary and understanding waiver of counsel.

The court has carefully considered all of the cases cited by counsel. We believe that Jones v. State of Montana, D.C., 235 F.Supp. 673 is distinguishable on its facts. Munich v. United States, 9 Cir., 337 F.2d 356, is inapposite since the conviction was vacated because the court did not comply with Rule 11 Federal Rules of Criminal Procedure, and not for any constitutional infirmity. The court has also re-examined Pilkington v. United States, 4 Cir., 315 F.2d 204, 206, in the light of the briefs submitted by the parties and concludes that the *Pilkington* case does not hold as a matter of law that the failure to inform defendant of the correct maximum penalty renders his plea involuntary but only that it raises a factual question as to voluntariness. Any further extension of the *Pilkington* rule rests on provisions of Rule 11, Federal Rules of Criminal Procedure, rather than constitutional grounds.

The Supreme Court of the State of Wisconsin on the same record before us, found that petitioner understood his right to counsel and voluntarily waived counsel. We are constrained to arrive at the same conclusion. The petitioner having failed to show a violation of his right to due process of law under the Fourteenth Amendment to the Constitu-

---

1. In the *Von Moltke* case, the indictment charged conspiracy to violate the Espionage Act of 1917. It covered fourteen pages and eumerated 47 overt acts, 5 of which specifically referring to the defendant.

tion of the United States, his petition for writ of habeas corpus will be denied.

For the above and foregoing reasons,

It is ordered: That the petition for writ of habeas corpus be and the same is hereby dismissed.