No. 14662

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

THE STATE OF MONTANA,

Plaintiff,

-vs-

LEVI CAMPBELL, Pro Se,

Defendant.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Defendant:

Levi Campbell, Pro Se, Deer Lodge, Montana

For Plaintiff:

Hon. Mike Greely, Attorney General, Helena, Montana
Harold Hanser, County Attorney, Billings, Montana

_____

Submitted:  July 10, 1979

Decided: JUL 11 1979

Filed:

_____
                                      Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding for habeas corpus by Levi Campbell, an inmate of the Montana State Prison serving a 10-year sentence for aggravated assault.

On September 11, 1976, petitioner was charged with three counts of aggravated assault in violation of section 94-5-202(1)(a), (b), (c), R.C.M. 1947 as amended, now section 45-5-202(a), (b), (c) MCA, in the District Court of Yellowstone County. The incident forming the basis of the charges involved a fight in a bar on the south side of Billings, Montana, wherein petitioner allegedly cut and injured one Robert Haworth with a broken beer glass.

Petitioner was represented by court-appointed counsel at all stages of proceedings.

Petitioner initially entered a plea of not guilty to the charges. On October 26, 1976, the day his jury trial was to begin, petitioner pleaded guilty to Count I, and Counts II and III were dismissed. Petitioner was sentenced to 10 years imprisonment which he is presently serving.

Prior to the petition now before us, petitioner filed a petition for habeas corpus in the District Court of Yellowstone County. An evidentiary hearing was held thereon, and on January 8, 1979, the District Court entered findings of fact, conclusions of law, and an order denying the petition. The gist of the District Court's denial was that the rule announced by this Court, State v. Azure (1977), _____ Mont._____, 573 P.2d 179, 34 St.Rep. 1569, should not be applied retroactively.

Petitioner thereafter filed the present petition in this Court seeking to have his guilty plea, conviction and sentence vacated, and the cause remanded to the District Court

for a new trial. The grounds alleged are that his guilty plea was not voluntary because he did not understand the true nature of the charge of aggravated assault and he did not understand the difference between aggravated assault and the lesser included offense of misdemeanor assault. Petitioner contends this constitutes a denial of due process mandated by Section 1 of the Fourteenth Amendment of the United States Constitution.

This Court granted petitioner's motion to file and proceed in forma pauperis and ordered the Attorney General to file a written response to the petition and brief. This has been done, and the matter has been submitted to us for decision.

Petitioner first contends that at the time he entered his plea of guilty to the charge of aggravated assault he did not understand the true nature of the charge. The record belies this contention. Petitioner was given a copy of the Information specifying the charge. He was represented by counsel who discussed the charge with him, the evidence against him, informed him generally that an element of the charge was serious injury with a weapon or the threat thereof, and that he understood the circumstances in which he stood and that he very probably would be convicted.

The presiding judge carefully questioned petitioner concerning his guilty plea. Petitioner stated to the presiding judge that the charge was true; that he understood the possible penalty on the charge; that he had received no promises for pleading guilty; that he would be giving up his right to a jury trial; his right to call witnesses in his behalf; his right to cross-examine witnesses against him; and his right to remain silent. The presiding judge explained that the county attorney's office had indicated that they would recommend a 10-year sentence and that he had not indicated any disagreement with that recom-

-3-

mendation. The presiding judge accepted petitioner's plea of guilty as voluntary. Based on this record we hold that petitioner, at the time he entered his plea of guilty, understood the true nature of the charge of aggravated assault.

The focus of the present petition, however, is that petitioner was not advised and did not understand the difference between aggravated assault and the lesser included offense of misdemeanor assault and, therefore, his plea of guilty was not voluntary. Petitioner principally relies upon Azure, supra and Jones v. Montana (1964), 235 F.Supp. 673, in support of his contention.

Doubt as to whether a plea of guilty was voluntarily or knowing should be resolved in favor of trial on merits. State v. Doty (1977), _____Mont._____, 566 P.2d 1388, 34 St.Rep. 731;/State v. Casaras (1937), 104 Mont. 404, 66 P.2d 774. Denial of a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court which will not be disturbed absent a showing of abuse of that discretion. State v. Lewis (1978), _____Mont._____, 582 P.2d 346, 35 St.Rep. 1089; State v. Nance (1947), 120 Mont. 152, 184 P.2d 554. Specific statutory requirements in effect at the time of petitioner's plea of guilty were and are that the trial court must determine at the outset that a guilty plea is voluntary with an understanding of the charge. Section 46-12-204 MCA. Any time before or during trial, a plea of guilty may be accepted by the trial court after the court has advised the defendant of the consequences of his plea and the maximum penalty provided by law. At any time before or after judgment upon good cause shown, a plea of guilty may be withdrawn. Section 46-16-105 MCA.

Here the record shows trial court complied with the statutory mandates then in effect. Additionally, the guidelines

-4-

set forth in State v. Griffin (1975), 167 Mont. 11, 535 P.2d 498, were followed.

Petitioner contends that Jones v. Montana, supra, requires that at the time of plea defendant must know and understand the difference between the crime charged and a lesser included offense where his plea of guilty is not voluntary. Jones is distinguishable on the facts. There the defendant was charged with nighttime burglary and consistently maintained the burglary had been committed in the daytime, a lesser offense. His conviction on a guilty plea to the offense charged was set aside because the difference between the two was neither known by or explained to the defendant. His plea of guilty was the result of a fundamental mistake and hence involuntary.

Here, petitioner knew at the time of entry of his plea of guilty that serious bodily injury to the victim with a weapon or the threat thereof was a required element of the crime of aggravated assault. He knew that he was charged with purposely and knowingly committing the offense. Petitioner now claims the assault was accidental or negligent. His counsel, in effect, struck a plea bargain with the county attorney's office on a 10-year sentence. Petitioner knew that he would be subject to a greater period of imprisonment upon conviction after a jury trial and his counsel had advised him that he would probably be convicted. Petitioner, with full knowledge of these facts, entered a plea of guilty. Unlike Jones, there was no fundamental mistake here.

Finally, petitioner contends that our decision in Azure requires that the record of arraignment in the District Court must show that he was informed of the elements and effects of lesser included offenses of which a jury could possibly find him

guilty. The District Court's findings of fact on the prior petition show that, at the time petitioner entered his plea of guilty, he was not advised that in the event he had a trial by jury on the charge that the jury would in all probability have been instructed as to lesser included offenses such as misdemeanor assault; or that, if the petitioner had a trial by jury and if he testified that the events at the time of the offense occurred in the same manner as he testified at the time of this hearing, the probability is that the trial judge would in fact instruct the jury as to the lesser included offense of misdemeanor assault.

At the time of entry of petitioner's plea no such requirement as thereafter articulated in Azure was present in the law of Montana. We decline to give Azure retroactive effect.

Recently we articulated a three part test to determine whether a decision should be applied retroactively: (1) the decision must establish a new principle of law overruling established precedent on which litigants have relied, or it must decide an issue of first impression, the resolution of which was not clearly foreshadowed; (2) the rule in question must be examined to determine whether its retroactive application will further or retard its operation; and (3) the equity of retroactive application must be considered. State v. LaRoque (1978), _____Mont._____, 583 P.2d 1059, 35 St.Rep. 1281.

Azure introduced a new procedural requirement that the trial court must advise the defendant of matters relating to lesser included offenses and that the record of the plea entry alone is to be examined to determine whether this has been done. Azure established a new principle of law not previously articulated.

-6-

It should be obvious that retroactive application of this rule would seriously retard its operation. Litigants have a right to rely on the law in effect at the time. The administration of justice would be seriously hampered by requiring conformity to an as yet unannounced new procedural requirement. Law enforcement agencies and courts are entitled to rely on the rules pertaining to guilty pleas in effect at the time the guilty plea was entered and to determine voluntariness on the basis of such law.

Our ruling in Azure does not implicate "the integrity of the factfinding process." Rather, it goes to the issue of whether a guilty plea represents "a voluntary and intelligent choice among the alternative courses of action open to defendant." North Carolina v. Alfred (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d. 162.

The following decisions of the Montana Supreme Court have denied retroactive effect to a subsequent decision altering the law of criminal procedure: State v. Chappel (1967), 149 Mont. 114, 423 P.2d 47; Petition of Jones (1966), 148 Mont. 10, 416 P.2d 540. The United States Supreme Court has denied retroactive application in the following cases: Johnson v. New Jersey (1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 848; Linkletter v. Walker (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Griffin v. California (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d. 108, 84 ALR2d 933. Other state court decisions denying retroactivity include: People v. Gonzales (1977), _____Colo._____, 565 P.2d 945; State v. Pierson (1977), 22 Kan. 498, 565 P.2d 270, cert.den. 434 U.S. 868, 98 S.Ct. 207, 54 L.Ed.2d 145; Wood v. Morris (1976), 87 Wash.2d 501, 554 P.2d 1032; State v. Stenrud (1976), 113 Ariz. 327, 553 P.2d 1201;

King v. State (Okla. 1976), 553 P.2d 529; Hagenios v. Warden (1975), 91 Nev. 328, 535 P.2d 790.

The equity of retroactive application indicates that it should not be applied. This conclusion is based on the facts of this case as well as the decisions heretofore cited.

For these reasons we hold that the rule announced in State v. Azure, supra, shall not be retroactively applied.

The petition is denied.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

-8-