No. 81-07

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

          Plaintiff and Respondent,

-vs-

GARY BROWN,

          Defendant and Appellant.

---

Appeal from: District Court of the Ninth Judicial District,
In and for the County of Glacier, The Honorable
R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Charles M. Joslyn, Choteau, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        James C. Nelson, County Attorney, Cut Bank, Montana

---

Submitted on Briefs: May 1, 1981

Decided: JUN 17 1981

Filed: JUN 17 1981

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

In December 1979 defendant Gary Brown was charged in Glacier County District Court with three counts of felony theft, alleged to have been committed in Cut Bank, Montana, on various dates in November and December 1979. Defendant entered not guilty pleas in January 1980. Thereafter, a pretrial agreement was entered into between defendant and the State. Pursuant to the agreement, defendant was to plead guilty to each count and the State was to recommend five-year sentences to run concurrently and that defendant not be charged as a persistent felony offender nor that he be designated a dangerous offender for parole purposes. The pretrial agreement was signed and filed with the District Court on February 6, 1980.

On February 21, 1980, defendant changed his plea to guilty on each count. The court took notice of the pretrial agreement and, after determining that defendant was knowingly and voluntarily changing his plea, accepted the plea and ordered a presentence investigation.

On March 5, 1980, defendant appeared for sentencing. Following hearing, the court sentenced defendant to seven years and designated him a nondangerous offender. In sentencing defendant, the court acknowledged the pretrial agreement but increased the recommended sentence because of defendant's past history of parole violations, his inability to learn from past experiences with the law, and his untruthfulness with the presentence investigator.

Immediately following sentencing, defendant filed a petition for post-conviction relief claiming that the State breached the pretrial agreement and that the sentence of

seven years on each count was improper. The petition was denied, and defendant now appeals.

The following issues are presented for our review:

1. Whether the State breached the pretrial agreement; and

2. Whether the District Court properly sentenced defendant on each of the three counts of felony theft.

It is a widely-recognized principle that when a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. See Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.

Here the pretrial agreement required the State, in exchange for defendant's guilty plea, to recommend a five-year sentence on each count to run concurrently. Defendant maintains that this recommendation was not made. Upon reviewing the record, we must disagree.

The actual agreement, which included a provision concerning the State's recommended sentence, was filed with the District Court nearly a month before the sentencing hearing. The District Court judge throughout the proceeding acknowledged the existence of this agreement and during imposition of defendant's sentence made particular mention of the State's recommendation:

> "Q. Mr. Brown, you are aware of the negotiations for a plea here. A. Yes.
>
> "Q. The plea of guilty to three counts? A. Yes.
>
> "Q. In exchange for a recommendation of the County Attorney to the Court of five years in the State prison? A. Yes."

We agree with defendant that the prosecutor did not specifically "voice" the recommendation of a five-year sentence but conclude that such action was not necessary in this instance. It is evident that the State fully apprised the District Court of the pretrial agreement and that the court was aware of the recommended five-year sentence throughout the sentencing process. The State's obligation under the agreement is thus deemed satisfied.

Defendant next argues that the State breached the pretrial agreement by advocating the imposition of a sentence greater than the recommended five years. We again must disagree.

In support of his argument defendant notes that the prosecutor, at the sentencing hearing, brought out that defendant failed to mention the full extent of his prior criminal record during the presentence investigation. We find no error in this effort. Certainly the State should not be forced to stand by and allow a defendant to make representations to the presentence investigator and the sentencing court which the prosecutor believes have been falsely stated in an improper attempt to better the defendant's position. Such a result will not be permitted, and the fact that a pretrial agreement has been signed which requires that a certain sentence be recommended has no bearing upon this conclusion.

Regarding the second issue, defendant contends that, under his version of the facts, the three counts of theft with which he was charged constitute but one offense in one transaction and, therefore, he could be convicted only once. In rejecting this argument we need only note that defendant,

after being fully advised by counsel and the court, pleaded guilty to three separate counts of theft as charged in the information. The information, as presented by the State, contends the offenses arose out of three separate incidents.

If the defendant did not agree with this version of the charges or did not wish to face sentencing on all three counts, he could have gone to trial on his theory that the offenses in fact arose out of the same transaction. Defendant, however, chose not to do so and pleaded guilty as charged. We find no error in the District Court's imposition of sentence upon all three counts.

The judgment of conviction as entered by the District Court is affirmed.

_____
                Justice

We concur:

_____

_____

_____

_____
     Justices

-5-