No. 82-309

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

RAYMOND M. DINNDORF,

Defendant and Appellant.

Appeal from:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin
               Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Nash and Nash, Bozeman, Montana
Michael P. Sand argued and Mark Guenther argued, Bozeman,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
A. Michael Salvagni, County Attorney, Bozeman, Montana
John Atkins, Special Assistant Deputy County Attorney,
argued, Bozeman, Montana

Submitted: January 18, 1983

Decided: February 3, 1983

Filed: FEB 3 - 1983

_____
                      Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant appeals a sentence and judgment of the Eighteenth Judicial District entered July 28, 1982. Defendant was sentenced to ten years imprisonment for negligent homicide. Specifically, defendant asserts error for denial of his motion to withdraw his guilty pleas.

On April 11, 1982, defendant was the driver in a single-vehicle accident. His passenger died. An information was filed on April 19 charging him with negligent homicide, driving without a valid driver's license, and driving under the influence of alcohol. Defendant was arraigned on May 3, which was continued to May 10, and then to May 24, and then to July 26. On July 26, defendant pled guilty to all charges. The prosecutor recommended a ten-year sentence on the negligent homicide charge. The defense counsel then stated to the court, "I'm a little taken aback by the County Attorney's recommendation. It was my understanding that there would be no recommendation made to the Court as far as sentencing. There was a specific agreement to the effect which has been violated by the County Attorney."

The court replied: "[y]ou know the policy in the Eighteenth Judicial District, Department Number One, when there is a plea agreement, the two attorneys meet with the court reporter and their client and put it on the record. There's nothing on the record, is there?" Defense counsel responded, "[t]here is not, Your Honor." The Court proceeded to pass sentence; "on Count I, negligent homicide, you shall spend ten years in the state prison at Deer Lodge, Montana."

On July 29, defendant filed a motion to withdraw his guilty pleas. Hearing on the motion was held on August 2, 1982. At the hearing the defense attorney testified as follows:

> "Q. During your representation of Mr. Dinndorf, did you have any conversations with . . . the deputy county attorney for Gallatin County, regarding this case? A. Yes, on several occasions.

"Q. Do you recall a conversation on or about the 24th of May, 1982? A. Yes, I do.

"Q. Do you recall the substance of that conversation? A. Yes, as I recall on May 24, I filed a motion to suppress evidence on behalf of my client. Shortly after the 9:00 o'clock hearing, I met with [the deputy county attorney] in his office as we were in the course of plea negotiations. I was informed at that time that there would be no further plea negotiations in this matter and I then asked . . . what recommendation he would make to the Court if my client were to enter a plea of guilty to the charges. I was informed that there would be no recommendation made that Mr. Dinndorf's plea would be strictly to the Court." (Emphasis added.)

When the Deputy County Attorney had an opportunity to cross-examine, he declined, stating:

"Your Honor, it's the position of the state and myself that I'm not in a position to contest the testimony of [defense counsel] regarding the existence of the overture apparently made to him by myself, that I would not make a recommendation to the Court. Therefore, I wouldn't I will not contest that portion of his testimony."

Additionally, the defense attorney testified that based upon his belief that there would be no sentence recommendation he advised his client to plead guilty.

The District Court denied the motion to withdraw guilty pleas and ordered the sheriff to transport the defendant to Deer Lodge that afternoon.

Appellant argues basically that since an agreement was violated, he should have been allowed to withdraw his pleas of guilty. Respondent asserts that there never existed an agreement. Respondent relies on the fact that the procedure of the District was never followed. The District Court adopted that position, stating: "[n]ow there never was a plea agreement in this situation. There's no question about that. There may have been an offer and there may have been the jostling and moving around of attorneys as happens many times in criminal matters. There was never a plea agreement of any kind."

The fact that the District Court's procedure was not followed does not preclude the existence of an agreement. Plea bargaining

agreements are subject to contract law standards, United States v. Arnett (9th Cir. 1979), 628 F.2d 1162, thus oral agreements are valid and binding. This Court, in State v. Allen (1981), _____ Mont. ____, 645 P.2d 380, 38 St.Rep. 2192, recognized the validity of oral plea bargain agreements; the case was remanded for consideration of various factors, including whether the agreement had been orally amended.

If an agreement or promise did exist which was later violated by the prosecutor, the appellant has a very strong argument and the court should have allowed him to withdraw his guilty pleas. A United States Supreme Court case addresses this specific situation. In Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, the defendant agreed to plead guilty to a lesser included offense in exchange for the prosecutors promise to refrain from making a sentence recommendation. The sentencing took place months later and a new prosecutor recommended a maximum sentence. The Supreme Court held that: "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. This Court has cited and approved of Santobello. See State v. Allen, supra; State v. Brown (1981), _____ Mont. ____, 629 P.2d 777, 38 St.Rep. 953.

During argument of this case, respondent brought to our attention a recent case decided by the second circuit. There the court held that "off the record" promises made by a prosecutor are a nullity and cannot be relied upon by a defendant since the policy of the State of New York was to recognize only those plea agreements which are on the record. Siegel v. State of New York (2nd Cir. 1982), 691 F.2d 620. We do not agree with the majority, rather we agree with Justice Pratt who dissented because he believes that the United States Supreme Court's holding of Santobello does not allow such a ruling.

We do not decide whether there was an agreement. The central

issue is whether the District Court should have allowed the defendant to withdraw his pleas of guilty. The authority for withdrawing a guilty plea is found in section 46-16-105(2), MCA; "[a]t any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." It is well settled that the decision rests in the sound discretion of the trial court which will not be disturbed absent a showing of abuse of that discretion, and any doubts should be resolved in favor of a trial on the merits. State v. Campbell (1979), 182 Mont. 521, 597 P.2d 1146.

In effect, the District Court concluded that no agreement existed since its procedures were not followed. We find error for the court's failure to consider other factors indicating a broken promise. The court improperly denied defendant's motion to withdraw his guilty pleas. This case is remanded to allow defendant to replead.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices