PETITION OF ROBERT W. JONES.
No. 10816.
Decided July 2, 1964.
393 P.2d 780.

PER CURIAM.

Original proceeding. This is a petition by Robert W. Jones, an inmate at the State Prison, appearing pro se, for a writ of habeas corpus. The pertinent facts, as reflected by the petition and the transcripts on the appeal previously taken to this court, are as follows: Petitioner was convicted of forgery in Texas in 1955; then of burglary in the second degree, together with a prior conviction of a felony, in California in 1956; and then of robbery in Nevada in 1959; all being felony convictions. In December of 1961, petitioner was convicted in Montana of assault in the first degree together with three prior convictions. The incident giving rise to this last felony conviction occurred when a deputy sheriff of Cascade County stopped the car petitioner was driving with one Berens as a passenger by reason of a call from the deputy's headquarters to apprehend a car of

14

that description. As the deputy frisked Berens, Berens whirled and went for a gun and the deputy shot him. Then petitioner shot at the deputy, not hitting him, and started the car and fled. He was found guilty upon trial in the district court of Cascade County. The three prior convictions were set forth in the information and the petitioner admitted them to be true.

The conviction was affirmed by this court when appealed on issues involving venue and testimony given from a memorandum. See State v. Jones, 143 Mont. 155, 387 P.2d 913. In this petition for a writ of habeas corpus the petitioner seizes upon grounds not raised by the brief or oral argument of that appeal to this court.

The petition alleges that the presentation of the three prior convictions created a biased atmosphere thereby denying him a fair trial under the State and Federal Constitutions. It is also claimed that under section 94-4713, R.C.M.1947, one prior conviction would operate to increase the penalty imposed and the pleading of three priors was improper and tended to increase passion and prejudice against him. His final contention is that the cause should have first been submitted to the jury for determination of guilt, the prior convictions should be submitted for determination of punishment.

From the record of trial it is shown that the county attorney referred to the prior conviction endorsed upon the information in the opening statement. The county attorney told the jury at that time that the defendant pleaded not guilty to the charge involved in the case, but did plead that the three prior convictions were true. Further, the jury was told to consider the prior convictions only if the defendant were found guilty, and that the prior convictions have the singular effect of increasing the punishment. During settlement of instructions the attorney for petitioner objected to the giving of Instruction 3, which detailed the three prior felonies and instructed that they be considered only in fixing the punishment. The grounds of objection to Instruction 3 were, "that it improperly states the

law, is a comment upon the evidence, and on the further ground it is prejudicial to enumerate * * * the prior offenses with which the defendant has been charged." The trial judge overruled the objection and the instruction was given.

When the conviction of defendant was appealed to this court, State v. Jones, supra, no error was assigned to the giving of the instruction or to the opening statement of the county attorney. Apparently no "biased atmosphere" was detected in the drama of those two events, and, therefore, was not specified as error on the appeal.

In State v. O'Neill, 76 Mont. 526, 248 P. 215, the information contained evidence of three prior felony convictions, and the defendant admitted that they were true. On cross-examination the county attorney asked the defendant whether he had been previously so convicted, and, over objection, the defendant answered in the affirmative. Finally, the court instructed the jury that under section 94-7407, R.C.M.1947, if they should find the defendant guilty then they should consider whether the defendant had also suffered the previous convictions included in the information. This section requires the jury, unless defendant admits it in his answer, to find whether the defendant has suffered any prior convictions endorsed upon the information in order that it may fix the punishment should he be found guilty in the case before them. The defendant argued that the mentioning of the prior convictions at the several places in the trial constituted prejudicial error. However, the court denied this contention and affirmed the conviction. In order for the jury to have evidence on hand sufficient to enable it to consider the prior convictions under section 94-7407, supra, it is apparent that references to a defendant's prior convictions will appear both in the information and at certain other places throughout the trial. The reasoning of the court in the O'Neill case is that by section 94-7201, R.C.M.1947, the county attorney is to "state the case" against the defendant, that the statement of the case includes the charge against the

16

defendant together with previous convictions which constitute part of the charge as they serve to aggravate or increase the penalty. In fact, the prior convictions must be charged and proven in order for the court to fix the penalty. See State v. Brown, 136 Mont. 382, 388, 351 P.2d 219.

The petitioner upon his trial was duly protected. There the county attorney mentioned the law on the issue to the jury at the outset of the case. He told the jury that it was not to judge the defendant in light of the prior convictions, but only to consider them in determining the punishment, when and if defendant was found guilty. Not every time in the course of a trial of one with a "habitual criminal" background will he be able to claim bias. We cannot assume that a panel of twelve people is so easily prejudiced against a person. Least of all will such be found in those instances in which the law requires a certain minimal, truthful report of prior felony convictions of record in order to achieve the purpose of penal sentencing.

Instruction 3 clearly charged the jury to consider the priors only in connection with the fixing of punishment.

Our review of the record of the trial of petitioner discloses no "biased atmosphere" as he contends.

It must be remembered that petitioner was represented by counsel upon his district court trial and upon his appeal to this court, and all matters raised by him in this petition occurred while he was represented by such counsel, though none were complained of upon the appeal.

The petition discloses no merit and the writ sought is denied and the proceeding is dismissed.