PETITION OF ROBERT W. JONES.

No. 11176.
Decided July 12, 1966.
416 P.2d 540.

MEMO OPINION

PER CURIAM:

Original proceeding. This is a petition by Robert W. Jones, an inmate at the state prison, appearing pro se, for a writ of habeas corpus.

Petitioner was convicted of first degree assault, following a jury trial, in the district court of Cascade County. He appealed his conviction to this Court and our opinion upon such appeal is found in State v. Jones, 143 Mont. 155, 387 P.2d 913, wherein we affirmed the judgment of conviction.

Petitioner has made two previous petitions for a writ of habeas corpus, Petition of Jones, 144 Mont. 13, 393 P.2d 780, and 146 Mont. 305, 405 P.2d 978. Both of these petitions were dismissed.

We feel that this petition raises only two new issues.

First, petitioner contends that he plead guilty to the prior felony convictions that were endorsed on the Information charging him with first degree assault, not knowing "the nature and quality and consequences of" such a plea. In answer to this, we refer to the Information which charged the prior felony convictions and to the fact that at the time petitioner admitted the previous felony convictions he was represented by court appointed counsel. We quote from the Information:

"And the said County Attorney does further charge that the said ROBERT WADE JONES was in the State of California, previously convicted of the offense of felony, to-wit: BURGLARY IN THE SECOND DEGREE TOGETHER WITH A PRIOR CONVICTION OF A FELONY; that judgment upon said conviction was pronounced, rendered and made on the 7th day of May, 1956, sentenced to serve six (6) months to fifteen (15) years and one (1) year to life imprisonment to be served concurrently in the State Penitentiary in the State of California * * *."

This Information reveals that petitioner had previously been charged with a crime and a prior felony endorsed on that charge. His sentence included possible life imprisonment. His bare assertion now that he did not know or that he was not adequately advised of the consequences of his admission to the prior convictions is without merit. We feel the petitioner was aware of the consequences of his admission and that he was adequately advised of its consequences.

Petitioner secondly contends that the confession used against him at his trial was a "product of coercion and duress" and thus should not have been used against him. In this regard, he directs this Court's attention to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

In Johnson v. New Jersey, 86 S.Ct. 1772, 1775, 16 L.Ed.2d 882, the Supreme Court of the United States limited Escobedo with this holding:

"* * * We hold that Escobedo affects only those cases in

12

which the trial began after June 22, 1964, the date of that decision. We hold further that Miranda, 86 S.Ct. 1602, 16 L.Ed. 2d 694, applies only to cases in which the trial began after the date of our decision one week ago. The convictions assailed here were obtained at trials completed long before Escobedo and Miranda were rendered, and the rulings in those cases are therefore inapplicable to the present proceeding."

Thus, the Escobedo case, supra, does not apply to petitioner's trial which was completed on December 13, 1961.

For these reasons there is no merit to the contentions of petitioner, and the writ requested is denied, and the proceeding is dismissed.