THE STATE OF MONTANA, Plaintiff and Respondent, v.
CECIL CHAPPEL, Defendant and Appellant.

No. 11193.
Submitted January 9, 1967.   Decided January 31, 1967.
423 P.2d 47.

James A. Reno (argued), Billings, for appellant.

Forrest H. Anderson, Atty. Gen., Charles M. Joslyn, Asst. Atty. Gen (argued), Helena, John L. Adams, Jr., County Atty. (argued), Billings, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a jury verdict of "guilty" wherein the defendant was charged with first degree assault in the district court of Yellowstone County, before the Honorable Guy C. Derry, presiding judge.

The defendant was sentenced to twenty years at hard labor on May 13, 1966. After a denial of a motion for a new trial this appeal followed.

The shooting victim, Mrs. Green, went to the Stone Front Bar in Billings, Montana, between 8:00 p. m. and 9:00 p. m. on Christmas eve, December 24, 1965, without a male escort. On her arrival she extended seasons greetings to the owners and bartender of the establishment.

Approximately one hour later, the defendant appeared. From the record herein, we gather that the relationship between Mrs. Green and the defendant had been earlier in the year somewhat closer than platonic, but on this holiday night Mrs. Green had developed a pronounced antipathy for the defendant and told him this fact in words of one syllable.

Overtures of peace apparently were made by the defendant to Mrs. Green from time to time during the evening, but they

did not soften or abate the rancor Mrs. Green possessed for the defendant despite the spirit of yuletide.

Shortly after midnight on December 25, the victim and defendant had a further altercation and Mrs. Green attempted to call the police when the defendant displayed a concealed nine shot, .22 caliber revolver and told her he would kill her. The victim either struck or attempted to strike the defendant with the telephone receiver. The defendant fired a single shot from his revolver which struck the victim above the left breast.

A witness, Sharon Barton, for the prosecution, but a friend of the defendant testified she heard an argument between Mrs. Green and the defendant, but did not hear the subject matter of the controversy. She further testified she saw the defendant shoot Mrs. Green with the revolver which was admitted into evidence.

The defendant was disarmed and left the premises. He went to his room, packed his clothes in his car and on observing a police prowl car went out the rear window of his rooming house to the home of a friend where the police apprehended him at about 4:10 a. m.

Commencing about 4:30 a. m., the defendant after being carefully and fully advised of his constitutional rights, gave the Billings police a confession. The evidence is clear that the defendant was told he did not have to talk, that he was entitled to an attorney; that there was a free telephone on the desk in front of him to use. The confession discloses that the defendant made a change in the context of the document and initialled the change. While the defendant had been drinking, he was not intoxicated to a degree to make him unaware of his crime and what was transpiring around him.

Evidence was adduced from the police officers out of the presence of the jury and they were cross-examined by defense counsel and by the trial court to accurately and factually determine that the contents of the confession was a product of his

own free will, and that he was not overborne by pressure or threats of the officers.

The defendant on appeal cites two specifications of error:

(1) That the court erred in admitting into evidence over defendant's objection, the confession taken by the police department; and

(2) That the evidence adduced in the trial will not support a conviction of guilty of first degree assault.

Addressing the first specification of error, appellant's brief contends that the defendant was intoxicated at the time of the confession which made the confession involuntary and inadmissible.

However, in oral argument, defendant's counsel raised the further question of admissibility by citing Miranda v. State or Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694. The legal principles enunciated in Miranda, supra, are not applicable here as Miranda not only lacks absolute retrospectivity but applies only to cases where trial commenced on or after June 13, 1966. This cause was commenced on May 9, and ended on May 10, 1966. See In re Petition of Jones, 148 Mont. 10, 416 P.2d 540.

The record here discloses a drinking defendant, but not intoxicated. Section 94-119, subd. (1), R.C.M.1947, provides:

"1. No act committed by a person while in a state of voluntary intoxication is less criminal by his being in said condition. But, whenever the actual existence of any particular purpose, motive, or intent, is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act."

In State v. Rossell, 113 Mont. 457, 466, 127 P.2d 379, 383, this Court stated that the rule in this state is that the "question whether an alleged confession of one charged with crime made while in custody was voluntarily made depends largely upon the particular facts in each case, its admissibility

in evidence is a matter for the trial court's determination in the first instance and its finding thereon will not be disturbed on appeal unless clearly against the weight of the evidence. [State v. Dixson, 80 Mont. 181, 260 P. 138.]"

Defendant argues in the second specification of error that when he was struck on the head by the telephone receiver wielded by Mrs. Green that he was so stunned as to be incapable of having the intent necessary for a conviction of first degree assault.

We observe that despite the defendant's contention of being not only intoxicated but stunned, he was able to recite with great clarity exact conversations, incidents and his several locations for three hours in the bar where the shooting occurred, together with defendant's perception of the police prowl car looking for him. All of these questions of fact were submitted to a jury and resolved against the defendant. On the question of intent, see State v. Laughlin, 105 Mont. 490, 73 P. 2d 718, and State v. Lukus, 149 Mont. 45, 423 P.2d 49, decided January 20, 1967.

The judgment of conviction is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON, concur.