## Petition of CECIL CHAPPEL.

No. 11307.
Submitted April 12, 1967.   Decided April 25, 1967.
426 P.2d 779.

## MEMO OPINION

PER CURIAM:

Original proceeding. Petition for writ of habeas corpus filed herein by petitioner appearing pro se. Petitioner is an inmate of the Montana State Prison, and following his district court trial he appealed his conviction to this court. See State v. Chappel, 149 Mont. 114, 423 P.2d 47.

Petitioner asserts in his petition that his counsel upon trial and appeal, unbeknown to petitioner, was the assistant city attorney of the City of Billings, Montana; that thereby there was a conflict of interest such as to deprive petitioner of the effective assistance of counsel.

We refer to the record on appeal in this court wherein it

appears that prior to the commencement of the trial in the chambers of the court the following proceedings were had:

"Mr. Adams: [County Attorney] If your Honor please, before this trial proceeds, the Defendant, Mr. Chappell, being present in the court, with Mr. Reno, his counsel of record, I would respectfully request the Court to examine Mr. Chappell briefly concerning whether or not he is aware of the fact that Mr. Reno is an assistant city attorney, employed by the City of Billings, Montana, is satisfied with Mr. Reno as his counsel and is certain and assured that Mr. Reno will give him every representation that he is capable of giving him in the course of this trial. The reason I have brought this man before this Court and make this request of the Court is this: I am sure that Mr. Reno will represent his client as an advocate, there is no reason to believe that he will not, but, concurrently, because there might be some contention later raised that because Mr. Reno prosecutes speeders and offenders for misdemeanors committed within the City of Billings that it's difficult for him to defend a man in a criminal proceeding.

"THE COURT: Do you have any objection to Mr. Reno representing you?

"THE DEFENDANT: No, I don't.

"THE COURT: I might say to you that in 50 years that I know of, city attorneys have represented defendants in criminal cases, but we didn't want you later making some point of it, that's all.

"THE DEFENDANT: Yes.

"THE COURT: Okay, let's go."

The situation of his counsel was fully known by petitioner, he was afforded an opportunity to object, he waived it. In this court and in the trial court, petitioner's counsel vigorously protected the rights of his client.

The petition being without merit the writ sought is denied and the proceeding is dismissed.