**Lawrence E. WILSON, Warden, San Quentin Penitentiary, et al., Appellants,**

v.

**Howard REAGAN, Appellee.**

**No. 20247.**

United States Court of Appeals
Ninth Circuit.

Dec. 23, 1965.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Michael R. Marron, Deputy Attys. Gen., of California, San Francisco, Cal., for appellants.

Kenneth W. Rosenthal, San Francisco, Cal., for appellee.

Before POPE, DUNIWAY and ELY, Circuit Judges.

ELY, Circuit Judge:

This appeal is from an order of the District Court in which the appellee's Petition for Writ of Habeas Corpus was granted.

Appellee is a California state prisoner, confined pursuant to conviction and sentence by a California court for the California offense of armed robbery.

At the time of the commission of the offense and his arrest on August 1, 1958, appellee was 17 years of age, an age when he might have been treated as a juvenile offender. Cal. Welfare & Inst'ns Code, § 1730. At a California Juvenile Court hearing on August 25, 1958, when appellee was not represented by counsel, it was determined by the judge of the Juvenile Court that appellee was unfit for Juvenile Court treatment. Thereafter, on September 15, 1958, appellee, charged as an adult, entered a plea of guilty in the California Superior Court. The presiding judge, the same judge who had conducted the previous Juvenile

Court hearing, imposed an indeterminate sentence of five years to life, the maximum sentence provided by California law. Rejected were two alternative choices of punishment, the granting of probation and the placing of appellee, in the light of his age, in the custody of the California Youth Authority. Had the latter alternative been chosen, appellee would ordinarily have been entitled to release at the age of 25 years. Cal. Welfare & Inst'ns Code, § 1771.

The petition in the court below was grounded upon appellee's contention that in the state court proceeding he did not enjoy his constitutional right to competent and effective representation by counsel. A full evidentiary hearing was conducted, and upon its conclusion, the District Court prepared a carefully written fifteen-page order in which the reviewed evidence led to the court's conclusion that "Throughout, the representation afforded petitioner was constitutionally inadequate."

It is unnecessary to recite all of the evidence which impelled the district judge to his conclusion. We have carefully reviewed it, and we find it sufficient to support the District Court's factual determination.[1]

Since appellee did not have adequate representation in the state court proceeding, it is quite clear that his conviction and sentence did not meet the requirements of the federal constitution. Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962); cert. denied, 372 U.S. 978, 83 S. Ct. 1110, 10 L.Ed.2d 143 (1963).

The District Court ordered that appellee be discharged from custody. In the usual case of the granting of such petitions, the order has been conditional, directing discharge unless, within a specified or a reasonable time, appropriate state authorities afford to the state prisoner an opportunity to replead with constitutional irregularities corrected. In this case, however, the appellee, at age 17, enjoyed California legal rights which were incident to his youth. These rights have gone with the passage of time and are irretrievable. Under these circumstances, the District Court made the proper disposition, and its order is

Affirmed.

---

1. The reporter's transcript discloses that immediately prior to the imposition of the maximum sentence, appellee's counsel agreed with the sentencing judge, in open court, that the judge was without legal power to grant probation. Under California law, this had previously been true, but it was not true at the time of the proceeding. In the year prior to the proceeding, the California statute had been amended so as to empower the California judge to grant probation to those convicted of the offense with which appellee was charged. See Cal.Pen.Code, § 1203.