Jord O. HALE, Appellant,

v.

Lawrence E. WILSON, Warden, etc.,
Appellee.

No. 20755.

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1966.

———◆———

Jord O. Hale, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Michael R. Marron, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL, BROWNING and ELY, Circuit Judges.

PER CURIAM:

Appellant was convicted and sentenced in 1960 on his plea of guilty to charges of violating sections 209 and 211 of the California Criminal Code. His petition for habeas corpus was based upon the theory that his guilty plea was induced by a confession obtained in violation of the rule of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The district court denied the petition without a hearing on the ground that the *Escobedo* rule is to be applied prospectively only. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ By allegations appearing for the first time in briefs filed in this court, appellant materially expanded his claim to raise the more general issues of whether his guilty plea was the product of alleged threats and promises and an allegedly coerced confession (see, e. g., Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 100 L.Ed. 126 (1956); Chambers v. State of Florida, 309 U.S. 227 n. 2, 60 S.Ct. 472, 84 L.Ed. 716 (1945); White v. Pepersack, 352 F.2d 470, 472 (4th Cir. 1965); Wright v. Dickson, 336 F.2d 878, 882 (9th Cir. 1964); Jones v. Cunningham, 297 F.2d 851 (4th Cir. 1962)); and whether he was adequately represented by counsel in the submission of his guilty plea. Wilson v. Reagan, 354 F.2d 45 (9th Cir. 1965); Wright v. Dickson, supra, 336 F.2d at 883; Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963). As the cited cases indicate, neither of these issues, if adequately alleged and ultimately proven, would be foreclosed by the guilty plea itself.

■ Because the second issue is wholly new and the first is substantially so, we affirm the judgment, but without prejudice to the right of the appellant to renew his present contentions in the district court in a new petition for habeas corpus. See Flemings v. Wilson, 365 F.2d 267 (9th Cir. 1966).