**John N. JOHNSON, Appellant,**

v.

**Lawrence E. WILSON, Warden, Appellee.**

**No. 21219.**

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1967.

John N. Johnson, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Robert R. Granucci, James A. Aiello, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

The district court erred in dismissing appellant's petition for habeas corpus without an evidentiary hearing.

Appellant's petition and traverse sufficiently alleged (1) that his guilty plea was the product of a coerced confession and of evidence obtained by unlawful search and seizure; (2) that his guilty plea was itself coerced; and (3) that he did not have effective assistance of. counsel in determining his plea. Doran v. Wilson, 369 F.2d 505 (9th Cir. 1966); Wilson v. Rose, 366 F.2d 611 (9th Cir. 1966); Hale v. Wilson, 364 F.2d 906 (9th Cir. 1966); and Wilson v.

Reagan, 354 F.2d 45 (9th Cir. 1965), are among recent decisions of this court holding that these allegations afforded grounds for habeas corpus relief.

Two matters referred to in the trial court's memorandum-order of dismissal require comment.

■ *First.* As the trial court observed, appellant's guilty plea barred habeas corpus relief on the ground that the police had obtained evidence against appellant by illegal means. However, contrary to the trial court's holding, the existence of such potential defenses may be considered in determining both whether appellant had the effective assistance of counsel in determining his plea, and whether his plea was the product of a prior violation of his constitutional rights.

*Second.* The trial court read Cortez v. United States, 337 F.2d 699 (9th Cir. 1964), as holding that police threats or promises respecting members of an accused's family cannot invalidate a guilty plea. *Cortez* stands for no such general principle. In that case, the trial court, after a full evidentiary hearing, had made a factual finding that the accused's guilty plea was neither coerced nor induced by the alleged threats or promises. We affirmed, holding only that on the whole record this factual determination was not clearly erroneous.

■ Whether appellant's guilty plea was the voluntary choice of a free and unrestrained will [Haynes v. State of Washington, 373 U.S. 503, 514, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)], or was the product of a coerced confession, or was itself improperly induced or coerced, were questions of fact which could only be determined after an evidentiary hearing. Police threats that appellant's pregnant wife would be charged with a narcotics offense and that his infant daughter would be turned over to juvenile authorities would be relevant factors in the totality of circumstances from which these factual determinations must be made. See, e. g., Lynumn v. State of Illinois, 372 U.S. 528, 534, 83 S. Ct. 917, 9 L.Ed.2d 922 (1963); Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 119, 76 S.Ct. 223, 100 L.Ed. 126 (1955); Harris v. State of South Carolina, 338 U.S. 68, 70, 69 S.Ct. 1354, 93 L.Ed. 1815 (1949); United States v. Gordon, 303 F.2d 441 (6th Cir. 1962). Cf. Rogers v. Richmond, 365 U.S. 534, 536, 546 n. 5, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961).

Reversed.