Jess CANCINO, Petitioner-Appellant,

v.

Walter E. CRAVEN, Defendant-Appellee.

No. 26653.

United States Court of Appeals,
Ninth Circuit.

Oct. 3, 1972.

Roger S. Hanson (argued), Woodland Hills, Cal., for petitioner-appellant.

Alan G. Novodor, Deputy Atty. Gen. (argued), Mark L. Christiansen, Robert W. Carney, Deputy Attys. Gen., William E. James, Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., Los Angeles, Cal., for defendant-appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and MURPHY,* District Judge.

HUFSTEDLER, Circuit Judge:

Cancino, a state prisoner, appeals from a district court order denying his petition for federal habeas relief, 305 F. Supp. 539. He has filed eighteen petitions to various state courts in California, attacking his 1962 guilty plea. All were summarily denied. This appeal is from the denial of his second federal petition. He has never had an evidentiary hearing in any court.

His prior federal petition and such of his state petitions as we have been able to examine basically aver that his guilty plea was involuntary and was not knowingly and intelligently made because (1) he was not aware of the relevant circumstances and likely consequences of his plea or of his admission of a prior felony when his plea was entered, (2)

his counsel was ineffective, (3) the prosecutor promised him leniency that he did not receive, (4) his plea was induced by a coerced confession, and (5) his plea was also induced by illegally obtained evidence.

Cancino was arrested in 1961 for possessing heroin. He was stopped for a traffic violation. According to the testimony of the arresting officer, Cancino tossed a brown bag from the car. The officer retrieved the bag and found heroin in it. While he was in custody, police officers took him to the residence of his wife, from whom Cancino was temporarily separated. The officers pulled Mrs. Cancino from bed, to which she was confined by recent surgery. The officers then conducted a warrantless search of the home, and seized a number of items, including a gun, cash, and some equipment and supplies that could have been used in narcotics traffic.

Cancino was charged with unlawful possession of heroin, unlawful possession of heroin for sale, and unlawful possession of a firearm. On January 16, 1962, represented by counsel, he withdrew his not guilty plea and entered a plea of guilty to possession of heroin. He admitted a prior conviction for transferring marihuana without an order form. On motion of the prosecutor, the remaining counts of the information were dismissed. He was sentenced to the term prescribed by law, with a recommendation by the sentencing judge that he be given the maximum term. His term was escalated by the prior felony conviction. The judge who took his plea did not interrogate Cancino. The brief examination was conducted by the prosecuting attorney. The entire text of the examination is set forth below.[1]

* The Honorable Thomas F. Murphy, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. "Mr. Galliano [the prosecutor]. All right. May I rearraign the defendant?
"The Court: Yes.
"Mr. Galliano: Jesse Cancino, is that your true name?
"Defendant Cancino: Yes, sir.

"Mr. Galliano: You are accused in Amended Information No. 249,972 with violation of Section 11500, Health and Safety Code in Count I, and violation of Section 11,545 of the Health and Safety Code in Count II, and violation of the Dangerous Weapons Control Law in Count III, also a prior felony conviction, which I will read to you in a few moments.

Cancino's first *pro se* federal petition, in substance, averred that his plea was induced by a confession extracted from him by police officers who threatened to arrest his sick wife and to take his minor children into custody if he did not confess. He says that he signed the confession acting under the threat to his innocent wife and to protect his children. He also claimed that his plea was induced by the unlawful search of Mrs. Cancino's home and by the seizure of items there found. He averred that he was unaware of any defenses that he had to the charges against him, and that he did not understand the consequences of his plea or of his admission of a prior felony. His lawyer told him that he had no practical alternative to pleading guilty to one count of the information, and that he did not have any defenses, although such defenses existed.

The district court denied the petition, without a hearing, holding as a matter of law that Cancino's averments of threats to his wife and children and of abusive treatment of Mrs. Cancino were inadequate to support a conclusion that his confession was coerced, that the police had not illegally searched or seized the items from the Cancino home, and that "the record unequivocally shows that petitioner entered his plea freely and voluntarily . . . and [it] fails to reveal any lack of understanding by petitioner of the charge." The court refused to consider the remaining averments because they were improperly pleaded.

 The district court's rulings were erroneous. Cancino's factual averments of the circumstances surrounding his confession were prima facie adequate to raise the issue of the voluntariness of his confession and its adverse impact on his decision to plead guilty. (*E. g.*, Johnson v. Wilson (9th Cir. 1967) 371 F.2d 911.) The search of the

---

"Do you waive the further reading of the Information?

"Mr. Geiler [defense counsel] : We do.

"Mr. Galliano: Jesse Cancino, to Count I of this Information charging you with violation of Section 11,500 of the Health and Safety Code, as contained in this Amended Information, how do you now plead; guilty or not guilty?

"Mr. Geiler: Guilty.

"Defendant Cancino: Guilty.

"Mr. Galliano: You are entering that plea freely and voluntarily, are you?

"Defendant Cancino. Yes, sir.

"Mr. Galliano: No promises have been made to you for taking this course of action?

"Defendant Cancino: No.

"Mr. Galliano: Do you want the plea of not guilty to remain as to Counts II and III?

"Mr. Geiler: Yes, sir.

"Mr. Galliano: Is that correct?

"Defendant Cancino: Yes, sir.

"Mr. Galliano: Answer out loud, Mr. Cancino. In addition to the three charges heretofore mentioned, it is further alleged that before the commission of the offense in this Information you, under the name of Jess Cancino, were, in the United States District Court of the Southern District of California suffered a conviction of the crime of illegally transferring marijuana, a felony, and that judgment of said Court against you in said connection was on or about the 19th day of November, 1956, pronounced and rendered against you, and that you served a term of imprisonment in the Federal Penitentiary. Do you admit or deny that prior?

"Mr. Geiler: Admit that prior.

"Defendant Cancino: Admit that.

"Mr. Galliano: I believe you wanted to ask—make application for probation?

"Mr. Geiler: Yes. I would like to make application for probation.

"The Court: And time is waived?

"Mr. Geiler: Time is waived, and also, of course, I reiterate my position—ask the Court to consider the severe penalty provisions of the prior conviction, ask the Court to consider that.

"The Court: The matter will be set down for further proceedings on February 9, 1962 at 9 :00 a. m. in this Department. A probation report is ordered.

"Mr. Geiler: Thank you, your Honor.

"Mr. Galliano: The defendant is in custody.

"The Court: The defendant is in custody.

"The Clerk: Is he remanded without bail?

"The Court: Remanded without bail.

"Mr. Galliano: May the remaining counts go over to that time?

"The Court: The remaining counts will go over to February 9th at 9 :00 a.m. for disposition."

Cancino home was patently illegal.[2] Indeed, the Cancinos later received a judgment against the police officers who conducted the search and seized items from the home.[3] Contrary to the district court's conclusion, the record did not show that Cancino's plea was knowing, intelligent and voluntary. The record consisted of the brief exchange between the prosecutor and the defense attorney, and Cancino's ten words. It did not contradict Cancino's averments.

Cancino's effort to correct the errors on appeal was foreclosed because the district court and this court refused to grant him a certificate of probable cause.

Cancino filed his second *pro se* federal application on May 9, 1969. He elaborated upon the claims he first advanced and added averments that his lawyer defrauded him of money and made affirmative misrepresentations of fact to him. The application came before a judge other than the one who heard his original application.

The district court denied the second application on two grounds: (1) the prior order denying federal habeas was on the merits and foreclosed renewal of all grounds for relief then presented, and (2) claims first raised in the second petition were improperly withheld from the prior petition and cannot be entertained without abusing the writ.

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior de-

termination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

(Sanders v. United States (1963) 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148)

The first federal habeas petition was not denied on the factual merits of the case. There were factual issues that could not be resolved without an evidentiary hearing. (*E. g.*, Villarreal v. United States (9th Cir. 1972) 461 F.2d 765; Hutchinson v. Craven (9th Cir. 1969) 415 F.2d 278; United States v. Tweedy (9th Cir. 1969) 419 F.2d 192; Gomez v. United States (9th Cir. 1968) 396 F.2d 323; Johnson v. Wilson (9th Cir. 1967) 371 F.2d 911.) The district court ruled on the merits of the pleading rather than the merits of the case. (*Cf.* Sanders v. United States, *supra,* 373 U. S. 1, 19, 83 S.Ct. 1068.)

■ Even if we were to assume, *arguendo,* that the first application was decided following a "hearing on the merits of an issue of law" (28 U.S.C. § 2244(b)), the denial of the second habeas petition based on the denial of the first is erroneous because the third condition of *Sanders* was not met. The ends of justice are not served by refusal to consider the merits of the second application when the denial of the first rested on a court's plain errors of law.

■ The appellee relies on McMann v. Richardson (1970) 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 to foreclose Cancino's attack on his guilty plea. As the Court said in *McMann*: "We hold, therefore, that a defendant who alleges that he pleaded guilty because of a prior

---

2. Cancino's guilty plea barred collateral relief based on a claim that the search and seizure were illegal. However, the legality of the search and seizure was relevant to his claim that his counsel was ineffective. Johnson v. Wilson (9th Cir. 1967) 371 F.2d 911.

3. When Cancino filed his first federal habeas petition, he also filed a civil rights action against the police for restitution

for the search and seizure. The same judge who denied the habeas petition dismissed the civil rights action. The dismissal was reversed on appeal. Cancino v. Sanchez (9th Cir. 1967) 379 F.2d 808. Mrs. Cancino joined the action after remand. When the case was assigned to a different judge for trial on the merits, the Cancinos' motion for summary judgment was granted.

coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." (397 U.S. at 771, 90 S. Ct. at 1449) Cancino has alleged a good deal more. He has challenged the competency and effectiveness of the assistance of his counsel, and he described the circumstances surrounding the confession, including a particularly aggravated illegal search, a claim of leniency, which he says the prosecutor promised and did not deliver, and facts prima facie supporting his contention that his plea and his admission of the prior felony were neither knowing nor intelligent.

"That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment."

(Brady v. United States (1969) 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747; McMann v. Richardson, *supra*, 397 U.S. at 766, 90 S.Ct. 1441.) Cancino was not asked if he committed the acts charged in the information. He was only asked how he intended to plead, to which he responded "guilty".

Nothing in the 1970 habeas trilogy (McMann v. Richardson, *supra*; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Brady v. United States, *supra*) purports to immunize from collateral attack a guilty plea taken under a totality of circumstances resembling those presented here.

After the district court had denied Cancino's petition, we held that "under California law an admission by a defendant of prior felony convictions, where those convictions are to be used to enhance his sentence on the present of-

fense, is the 'functional equivalent' of a plea of guilty to a separate charge, and, therefore, it may not be accepted unless the defendant understands the consequences of the admission." (Wright v. Craven (9th Cir. 1972) 461 F.2d 1109.) The district court, on remand, will have the opportunity to consider Cancino's attack on his admission of the prior felony in the light of *Wright*.

■ On his second federal petition, Cancino made a long narrative statement concerning his claim that, before he entered his plea, his lawyer had fraudulently obtained money from him for illegal purposes and that his lawyer had also made false factual representations to him, both before and after the plea. None of these claims was presented on Cancino's prior federal application. The relevance of these allegations is dubious. But even if they are arguably relevant, we agree with the district court that Cancino had a full opportunity earlier to present them and that he cannot later be permitted to assert them without abusing the writ. (Sanders v. United States, *supra*, 373 U.S. at 10, 83 S.Ct. 1068.)

Cancino is entitled to an evidentiary hearing limited to his claims that he was not aware of the relevant circumstances and likely consequences of his plea or of his admission of a prior felony when he entered his plea and admitted the prior felony; his plea was at least partially attributable to his counsel's averred incompetence in handling the coerced confession and search and seizure issues; the prosecutor, to induce the plea, made a promise of leniency, which was not fulfilled.

The order is reversed, and the cause is remanded to the district court for further proceedings consistent with the views herein expressed.