**Jess CANCINO, Plaintiff,**

v.

**Walter E. CRAVEN, Defendant.**

**In re Roger S. HANSON, Attorney at Law.**

**No. 73–2151.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1975.

---

Roger S. Hanson (argued), of Hanson & Milman, Beverly Hills, Cal., for appellant.

Deputy Atty. Gen. Alan G. Novodor (argued), Los Angeles, Cal., for appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and EAST,* District Judge.

## OPINION

CHAMBERS, Circuit Judge:

Hanson says that this case is not mooted because of "the attending consequences that [his] conviction may have on his future career for a political office, for a judgeship, or for loss of clients." We cannot agree that the minor contretemps in which he was involved in the district court, in its context, created any possibility of impairing his political career, his possibilities of getting a judgeship, or that it conceivably could cause him to lose any clients.

■ We have heretofore ordered this appeal dismissed for failure to file it timely. On his petition for rehearing, an accommodating chief deputy clerk at Los Angeles has given Hanson an affidavit to give to this court to impeach the record on the filing stamp on the notice of appeal in the district court. If the filing stamp is incorrect, it might well be that the chief deputy's formal confession of error should be first made to the chief judge of the district. Ordinarily, on a posture of the sort we have here, we would remand the case to the district court to consider what the record should be.

Here, however, we think we can consider mootness before we consider jurisdiction. If a case is moot, why labor jurisdiction?

■ Here is what happened in the district court:

On a petition for federal habeas corpus on a state conviction, the district judge had denied the writ without a hearing. On appeal, a division of this court remanded the case for hearing. Cancino v. Craven, 467 F.2d 1243 (9 Cir. 1972).

The district judge was trying to hold the required hearing. In March, 1973, apparently Cancino, who had served his time and was on parole, had the flu on the scheduled hearing date. But Hanson was slow in producing a doctor's certificate.

---

* The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

Out of nonappearance by Cancino and delayed appearance by his attorney, Hanson, the unhappy confrontation with the court happened. We only comment that the whole record indicates that Hanson is not too exacting of himself and the district judge lost his temper. Finally, at 11:55 a.m., Thursday, March 8, 1973, the Cancino matter came before the court. In the colloquy about the delayed hearing, the district judge announced to Hanson: "That will be $50.00 into the library fund or one night in jail." (Later the time for compliance was fixed at 4:45 p.m. the same day, and "library fund" was amended to read "attorneys' fund.")

On the day of the event, Hanson asked no stay from the district court. He asked no stay from any of the resident circuit judges. He apparently sought no stay from any circuit judge anywhere.[1] This is the sort of thing that I believe all circuit judges of this court are unanimous on: That in petty little contempts or alleged contempts there should be a stay pending appeal. I have never seen one denied. But Hanson, without seeking a stay, paid the $50.00 into the attorneys' fund.[2] If he had served the day, we might take a different view.

If we were on the merits, we might have trouble with the validity of a procedure of requiring a contribution to the "attorneys' fund." What sort of an entity is the attorneys' fund? Doesn't it have trustees? Should the trustees be parties here? Can we order parties (the trustees) not before the court to pay back the $50.00 when they do not know they are in court? And, if it is a "fine," shouldn't the government be entitled to the money rather than having it diverted?

After further examination of the record, we find this: There is serious doubt that a final order as required by Rule 4(b), F.R.Ap.P. was ever entered in the case. So, if Hanson could get by mootness, he would be right back up against jurisdiction.

In such sequences as we have here, the bar is at its best in coming to the rescue of not only the oppressed lawyer, but the allegedly oppressed one. Hanson chose to represent himself. Thus, he has stumbled.

This court cannot go to the hustings for Hanson in his quest of political office, cannot sponsor him for a judgeship, or advise the clients considering hiring him (about which he is concerned). But if anyone wants to know more about the case, let it be known that it did not amount to much.

The order of dismissal is amended to read, "The case is dismissed for mootness. And, the petition for rehearing is denied."

---

1. This court's records show that March 8, 1973, was a court of appeals calendar day at Los Angeles, California. The two active circuit judges resident at Los Angeles were on that calendar. Also, three circuit judges not residents of Los Angeles were available in their Los Angeles offices. The elevator from the district court's second floor to the 16th floor occupied by the court of appeals takes less than one minute.

2. The direction from the bench occurred about 12:05 noon. The final direction was that the sum be paid by 4:45 p.m. that day or the one day sentence would be effective. In the record, Hanson says he made the payment at 1:00 p.m. the same day. Thus, when he made the payment there were three hours and forty minutes of free time remaining.