RALPH THOMAS HAGENIOS, APPELLANT, *v.* WAR–DEN, NEVADA STATE PRISON, RESPONDENT.

No. 7635

May 23, 1975                    535 P.2d 790

*Horace R. Goff,* State Public Defender, and *Gary A. Sheerin,* Deputy State Public Defender, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Daniel M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In 1957, Ralph Thomas Hagenios pleaded guilty to murder, was convicted and sentenced to prison for life by Judge Ryland Taylor, now deceased. Hagenios was represented by counsel. He did not appeal his conviction nor challenge its validity by a writ of habeas corpus. A transcript of his arraignment and of the hearing before Judge Taylor to determine

degree and punishment has been lost or destroyed and is not available for court inspection.[1]

In 1973, Hagenios filed a petition for post-conviction relief requesting that his conviction be annulled upon the ground that his plea of guilty was involuntarily entered for failure of the court to comply with the standards expressed in Boykin v. Alabama, 395 U.S. 238 (1969), and that his confession received in evidence at the hearing to determine degree and sentence also was involuntary, should have been excluded, and prejudiced his right to fair consideration by the judge.

There is no suggestion that a transcript of the arraignment may be reconstructed through witnesses then present, nor that the transcript of the hearing to determine degree and punishment may be reconstructed through witnesses who there testified. There does appear in the record an affidavit of counsel for Hagenios that he advised Hagenios to plead guilty and also advised him of the consequences of his plea. In any event, in so far as his guilty plea is concerned, the doctrine of Boykin v. Alabama, supra, has no application to appellant since he was sentenced before Boykin was decided. Schoultz v. Warden, 88 Nev. 135, 494 P.2d 274 (1972).

At this late date, and in the absence of the transcript of the hearing to determine degree and punishment, it is impossible properly to evaluate the claim that his confession was involuntary and should not have been received in evidence. The record does show, however, that Hagenios was represented by two attorneys at that hearing, and that his right to appeal was not thereafter pursued. We presume that counsel would have perfected an appeal had an appeal been warranted. Although the record before us does not explain whether the present unavailability of the transcript is due to the fault of the State, we do not perceive a violation of due process or equal protection in these circumstances. Cf. Norvell v. Illinois, 373 U.S. 420 (1963).

The beneficent objective of our post-conviction act to prevent injustice does not require a perpetual right of review to a convicted person under any and all circumstances.

---

[1] In 1957, NRS 200.030(2) provided, in relevant part: ". . . but, if such person shall be convicted on confession in open court, the court shall proceed, by examination of witnesses, to determine the degree of the crime and give sentence accordingly."

Other grounds for relief have been examined and are without merit.

The order denying post-conviction relief is affirmed.

ZENOFF and MOWBRAY, JJ., concur.

GUNDERSON, C. J., with whom BATJER, J., agrees, dissenting:

We respectfully suggest that affirming the district court in this instance can achieve nothing but occasion the State of Nevada additional cost and delay, in federal court proceedings that ultimately will result in an evidentiary hearing being ordered.

In 1957, upon a guilty plea to an "open" charge of murder, appellant was convicted of first degree murder, and sentenced to life imprisonment with possibility of parole. He did not appeal the conviction or sentence.

In 1973, appellant petitioned for post-conviction relief, seeking to withdraw his guilty plea, contending: (1) that the degree of the crime and sentence to be imposed should have been determined by a three-judge panel, rather than by one judge; and (2) that his guilty plea was involuntary, taken in violation of constitutional standards. Without allowing an evidentiary hearing, which appellant's counsel repeatedly demanded, the district court denied appellant's petition. This appeal follows.

1.   Appellant's contention that he was entitled to a hearing before a three-judge panel, upon his plea of guilty, is without merit. The Nevada Legislature did not provide for a three-judge panel, to determine the degree of the crime and the sentence to be imposed, until the 1959 legislative session. Prior to that time, NRS 200.030(2) provided merely that the district court in which a defendant entered his plea should determine the degree of the crime and sentence accordingly. Nev. Stats. of 1959, 781.

2.   Although appellant's claim to a three-judge panel lacks merit, his contention that his guilty plea was not knowingly and voluntarily entered presents substantial issues not repelled by such record as is available. Cf. Machibroda v. United States, 368 U.S. 487 (1962).

True enough, as the State notes, appellant entered his plea prior to the U.S. Supreme Court's decision in Boykin v. Alabama, 395 U.S. 238 (1969), implemented in Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), and Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973). The dictates of *Boykin* are not retroactive and are inapplicable to appellant. Schoultz

v. Warden, 88 Nev. 135, 494 P.2d 274 (1972). Appellant's rights are to be tested by pre-*Boykin* standards; still, his guilty plea must be set aside if he can show it was not understandingly and knowingly entered.[1] And appellant asserts, both in his petition in supporting points and authorities, that such was the case.[2]

Where factual allegations are made which, if true, could establish a right to relief, a convicted person must be allowed an evidentiary hearing on such issue, unless the record repels such allegations. Machibroda v. United States, cited above; Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974); Schoultz v. Warden, cited above. Here, the record does not do so. Indeed, the scant record before us indicates the transcript of proceedings at which appellant's guilty plea was received has been lost or destroyed.[3]

Lack of the arraignment transcript will not necessarily impel a ruling in appellant's favor. A guilty plea entered with the advice of counsel is presumptively valid. United States Ex Rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970); see also, McMann v. Richardson, 397 U.S. 759 (1970). This is true, even where the arraignment transcript has been lost or destroyed. Moore v. Swenson, 360 F.Supp. 583 (D.Mo. 1973). Except that its loss or destruction renders it unavailable to

---

[1]As said in Brady v. United States, 397 U.S. 742 (1970), "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." 397 U.S. at 747–748, n. 4.

[2]In the instant case, appellant's assertions, if true, might establish that his plea was not made knowingly and voluntarily. Specifically, appellant has alleged: that neither the district judge nor his counsel informed him of the necessary elements of the crime charged; that neither the judge nor his counsel took cognizance of circumstances surrounding his arrest and subsequent statements to the police; that he was so intoxicated at the time of the offense that necessary mental elements of the crime charged were negated; that statements obtained from him by the investigating officers while he was still intoxicated were involuntarily taken; that such involuntary statements were a cause of his plea; that neither counsel nor the judge informed him of the possible sentence he could receive upon a plea of guilty; and that he was denied effective assistance of counsel.

In summary, appellant has raised factual allegations which if supported by evidence, not adequately repelled, might result in a finding that his plea was not knowingly and voluntarily made.

[3]Although it is not part of the record on which the district court summarily proceeded, we are advised that a microfilm copy of the penalty hearing transcript has been preserved, however. According to appellant's "Reply to Answer" in the district court, such transcript contains testimony that might be read to support appellant.

support either party, we think in this pre-*Boykin* situation that absence of the arraignment transcript will not affect the district court's inquiry, at least if a bad faith suppression thereof is not established. See: NRS 47.250(3).

Moreover, we believe the district court may weigh appellant's evidence in the light of all circumstances, including any negative inferences that may be drawn from appellant's protracted silence. Indeed, unless good cause for the delay is shown, that alone may be deemed cause to deny relief. NRS 177.315(3).

We think, however, that appellant's allegations impel an evidentiary hearing, particularly in light of his claim that his guilty plea was coerced by the existence of an alleged involuntary confession. See, particularly, Doran v. Wilson, 369 F.2d 505 (9th Cir. 1966).[4]

This court should, therefore, itself reverse and remand this case to the district court with instructions to hold an evidentiary hearing.

---

[4]In Doran v. Wilson, the Ninth Circuit Court of Appeals, to which appellant may ultimately address his complaints, has stated:

". . . We have several times held that a guilty plea, 'induced' by a coerced confession, or in some other respect not truly voluntary, cannot stand. The basis for these decisions is that a guilty plea must not be a product of violation of fundamental constitutional rights. The distinction is that if such a violation is not claimed to be, or, if so claimed, is not what induced the plea, then reliance upon the violation in habeas corpus by the one who pleaded guilty is not justified because it is the plea, not the deprivation of constitutional right, that brought about the conviction, while the plea can be upset if it was induced by the violation.

"It can be argued that in every case where the government has obtained evidence by conduct that violates the Fourth Amendment, or has obtained statements in a manner that violates the Fifth and Sixth or either of them, its possession of such evidence will necessarily enter into a defendant's decision to plead guilty. But a decision to plead guilty can still be free and voluntary under these circumstances, and that is all that is required. A defendant's primary motivation in pleading guilty, regardless of what has gone on before, may be his own knowledge of his guilt and a desire to take his medicine. As the cited cases indicate, whether he was so motivated may be a question as to which he is entitled to a hearing by the habeas corpus judge. We think that this is such a case." Id. at 507. In accord, see also: United States Ex Rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969); Johnson v. Wilson, 371 F.2d 911 (9th Cir. 1967).