LEE NOEL, Appellant, *v.* THE STATE OF
NEVADA, Respondent.

No. 10053

September 1, 1977                     568 P.2d 188

[Rehearing denied October 5, 1977]

*Joan Buckley,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,*
District Attorney, and *Frank J. Cremen,* Deputy District Attor-
ney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Lee Noel entered a guilty plea to the crime of attempted grand larceny (NRS 205.220, NRS 208.070). After being sentenced to a three year term in the Nevada State Prison, Noel filed a motion asking the trial judge to permit her to withdraw the guilty plea. Alternatively, she asked that the sentence be stayed, pending resolution of an application to the State Board of Pardons Commissioners, for remission of the sentence. The motions were denied and in this appeal Noel contends that her guilty plea was not entered voluntarily and with understanding of the probable consequences of the plea. She also claims it was error not to stay the sentence.

1. The contention that the guilty plea was not voluntarily and freely entered is totally without merit. The record of the trial judge's canvass of Noel, when the guilty plea was accepted, fully comports with the guidelines enunciated in Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973). *Cf.* Hagenios v. Warden, 91 Nev. 328, 535 P.2d 790 (1975); Reed v. State, 91 Nev. 497, 538 P.2d 161 (1975). The now claimed error did not manifest itself until after the district judge declined to place appellant on probation.

The record also reflects that through successful negotiations by appellant's counsel, it was agreed that in exchange for a guilty plea to "attempted" grand larceny, the more severe charge of grand larceny would be dismissed. Thus, it is apparent that Noel knowingly entered her guilty plea to the reduced charge to escape probable conviction for grand larceny and greater punishment. *See* Brady v. United States, 397 U.S. 742 (1970).

2. The claim that it was error to deny the application for stay of sentence is also rejected. The statutory guidelines for staying of sentence vest a wide discretion in the judge of the district court. They contemplate that a stay should be considered only when, in the court's "opinion clemency should be

exercised." NRS 176.375. Here, the record contains nothing to support a claim on appeal that there was an abuse of discretion or that clemency may have been warranted. Accordingly, neither briefing nor hearing is warranted. The order of the trial court is affirmed.