## DENNIS JAMES DOWNS, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 9652

September 6, 1977                    568 P.2d 575

*Morgan D. Harris,* Clark County Public Defender, and *James L. Gubler,* Deputy Public Defender, Las Vegas, for Appellant.

*Robert R. List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Deputy District Attorney, Clark County, for Respondent.

476

**OPINION**

By the Court, MANOUKIAN, J.:

On October 27, 1973, the appellant was arrested and charged with larceny from the person (NRS 205.270), a felony. Until December 14, 1973, the date the criminal information was filed in district court, appellant was represented by the Clark County Public Defender's Office. Thereafter, private counsel was retained in his behalf, following which, on January 24, 1974, he entered a plea of not guilty, was later tried by jury, and on October 1, 1974, a guilty verdict was returned on the larceny from the person charge.

Subsequently, on October 20, 1974, appellant was sentenced to 8 years in the Nevada State Prison. The sentence was suspended and appellant placed on probation for a period of three years. Appellant was indigent in the court below, and although he was of the age of majority, his parents retained counsel for him. The attorney-client relationship was terminated following sentencing. The record is silent both as to whether appellant intended to appeal his conviction or whether anyone informed appellant of his right to appeal. NRS 177.-015, *et seq.* Douglas v. California, 372 U.S. 353 (1963).

On July 31, 1975, the district court revoked appellant's probation and ordered that the original sentence imposed be executed. Several months later appellant filed his petition for post-conviction relief which was denied.

Appellant raises the following primary questions for our determination: was his counsel's failure to advise him of his right to appeal a denial of his right to the effective assistance of counsel. If so, would this deprivation now entitle him to the right to appeal from the conviction. Since we answer the Sixth Amendment question in the negative, the deprivation question becomes moot.

Appellant contends that his counsel had a duty to advise him of his right to appeal, and that the failure to so advise him was a violation of his Sixth Amendment right to the effective assistance of counsel. Gideon v. Wainwright, 372 U.S. 335 (1963).

There are no statutory or case authorities in Nevada that require defense counsel or the trial judge to advise the convicted criminal defendant in a contested case of his right to appeal. NRS 177.075(2) does provide that when a court imposes sentence upon a defendant who has not pleaded guilty and is *without counsel* the court shall advise the defendant of his right to appeal and if the defendant so requests, the clerk must prepare and file forthwith a notice of appeal. However, NRS 177.075(2) has no application to the present case since the appellant was represented by counsel.

In Hagenios v. Warden, 91 Nev. 328, 535 P.2d 790 (1975), the defendant was represented by counsel during his arraignment, guilty plea, and sentencing. He did not appeal his conviction nor challenge its validity by a writ of habeas corpus. More than fifteen years after his conviction, the defendant filed a petition for post-conviction relief which was denied by the district court and affirmed on appeal. In the appeal which raised an issue similar to that now before the Court, we stated: "We presume that counsel would have perfected an appeal had an appeal been warranted." *Id.* at 330, 535 P.2d at 791. *Hagenios* is materially distinguished from this case, since there the defendant, represented by counsel, had pled guilty, the relevant transcripts and records were not available for judicial review, and, as mentioned in the dissenting opinion, an evidentiary hearing had been "repeatedly demanded", *id.* at 331, 535 P.2d at 792, but not afforded the appellant. Here the appellant, represented by counsel, was tried by jury and *was afforded* a habeas hearing.

Several state courts have held that the failure of counsel to advise the defendant of the right to appeal is not a basis for post-conviction relief. *See,* Buxton v. Brown, 150 S.E.2d 636 (Ga. 1966); In re Graham's Petition, 215 A.2d 697 (N.H. 1965); Richardson v. Williard, 406 P.2d 156 (Ore. 1965). The federal district courts have reached similar conclusions in cases where, the court believed, the defendant had seemed satisfied at the time with the outcome of the litigation in the state trial court. Callahan v. Commonwealth of Virginia, 262 F. Supp. 31 (W.D.Va. 1967); Gibson v. Peyton, 262 F.Supp. 574 (W.D.Va. 1966); Godlock v. Ross, 259 F.Supp. 659 (E.D.N.C. 1966).

Here, it is clear that appellant never requested advice on his right to appeal or for court appointed counsel on appeal and never informed his counsel, anyone representing the State, or the district court of his desire to appeal. Although the record is silent as to anyone informing appellant that he could pursue an appeal *in forma pauperis,* with counsel furnished to him at public expense, *cf.* Gairson v. Cupp, 415 F.2d 352 (9th Cir. 1969.), it was shown, and the trial court so found, that he was content with the outcome of the initial sentencing proceedings. It was not until well over a year following entry of judgment and the granting of probation, and four months after the probation revocation proceedings, that appellant decided to claim the appeals deprivation. This delay tends to repel appellant's contention and to support respondent's position. *See,* NRS 177.315(3). In this factual setting, a trial attorney has no obligation to represent his client on appeal. *In accord,* United States v. LaVallee, 364 F.2d 489 (2nd Cir. 1966).

Following our review of the authorities from the various jurisdictions, we conclude, on these facts, that trial counsel's claimed failure to preserve his client's statutory right to appeal did not result "in a deprivation of the assistance of effective counsel", Gairson v. Cupp, 415 F.2d 352, 353–354 (9th Cir. 1969); *in accord,* United States ex rel. Maselli v. Reincke, 383 F.2d 129 (2nd Cir. 1967); Wynn v. Page, 369 F.2d 930 (10th Cir. 1966); Doyle v. United States, 366 F.2d 394 (9th Cir. 1966).

Appellant's other contention, being without merit, is rejected.

The order of the district court denying appellant's petition for post-conviction relief is affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.