961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Grant Wayne CHRISTON, Petitioner-Appellant,
v.
George INGLE, et al., Respondents-Appellees.
 No. 91-55751.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided April 27, 1992.
 
 Before PREGERSON, D.W. NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Grant Wayne Christon (Christon) was charged in California state court with several counts of murder and attempted murder with special circumstances. He pled guilty to one count of first degree murder and one count of attempted murder. That plea agreement is the subject of this appeal. Christon appeals from the district court's denial of his petition for writ of habeas corpus. He claims (1) that his plea of guilty was improperly coerced by threats to prosecute his loved ones, and (2) that he was denied the assistance of conflict-free counsel at the time of his plea. We affirm the denial of Christon's petition.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Christon pled guilty on July 16, 1984 to one count of first degree murder and one count of attempted murder; both counts were accompanied by special circumstances of carrying a firearm during the commission of the offenses. In exchange for a guilty plea, and a sentence of 27 years to life, the prosecution agreed (1) not to press charges for another murder, (2) to refrain from charging Christon, his brother, and his wife with conspiracy to commit that second murder, and (3) to dismiss a separate drug offense against Christon. Present at the plea hearing were two attorneys representing Christon. Christon was questioned extensively by the government regarding his entire plea and all agreements made during that hearing. The Superior Court judge accepted the plea.
 
 
 4
 On October 10, 1984, Christon moved to set aside the plea. On October 17, 1984, Christon returned to court with a new lawyer for a hearing on his motion to withdraw the plea. This motion was apparently scheduled to be heard immediately before sentencing. Both parties briefed the subject, and each was given a chance to address the court. The court then denied the motion to withdraw the guilty plea. In so ruling, the court noted that Christon's waivers and pleas were taken "meticulously," that the prosecutor did not act improperly by threatening additional charges at the plea negotiation stage, and that Christon and his two attorneys acted freely and voluntarily in accepting the plea. Christon was then sentenced to 27 years to life in state prison.
 
 
 5
 Christon filed a petition for writ of habeas corpus on August 30, 1988 in Los Angeles Superior Court. It was denied. On January 2, 1991, he filed a petition for a writ of habeas corpus in the district court pursuant to 18 U.S.C. § 2255. In his petition, Christon claims that his wife Mae Christon was pregnant during the plea, and that he was thus coerced by the prosecutor to accept the plea due to his desire to protect her from any charges. The district court, without conducting a full evidentiary hearing on the question of coercion, denied the petition on May 3, 1991. This appeal followed on May 30, 1991.
 
 DISCUSSION
 
 6
 A. Was Christon's Guilty Plea Voluntary?
 
 
 7
 Christon claims that his plea is invalid because the government coerced him into making the agreement by threatening to prosecute his loved ones. The record makes clear that at the hearing in which Christon pled guilty, the prosecutor agreed "not to file charges against Grant, Kent, or Mr. Jackson and Mae Christon would also not be charged with any violation." We review de novo the question of whether a guilty plea is voluntary. Hayes v. Kinchloe, 784 F.2d 1434, 1436 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 
 8
 Third party promises are not coercive per se. See, e.g., United States v. Castello, 724 F.2d 813 (9th Cir.), cert. denied, 467 U.S. 1254 (1984). Thus, in determining whether petitioner's guilty plea was voluntary, we look to all the circumstances surrounding his decision. Where the district court has held a hearing of some length on the matter, and finds that the defendant has failed to sustain his burden of showing that the guilty plea was involuntary, we will not grant the petition. Cortez v. United States, 337 F.2d 699, 700 (9th Cir.1964), cert. denied, 381 U.S. 953 (1965). Based on the record in this case, we find that the district court's dismissal of Christon's petition was proper.
 
 
 9
 The record of Christon's plea agreement is quite developed. The extensive plea agreement as well as the oral arguments and briefs which accompanied the withdrawal of plea motion hearing show that the courts adequately considered the questions of coercion and voluntariness. This case is quite unlike Johnson v. Wilson, 371 F.2d 911 (9th Cir.1967). In Johnson, the district court had not considered whether alleged police threats to charge appellant's wife with a narcotics offense and to turn his infant daughter over to juvenile authorities influenced the appellant's decision to plead guilty. Id. at 912. Thus, we held that the court was required to address them in an evidentiary hearing.
 
 
 10
 Similarly, in Cancino v. Craven, 467 F.2d 1243 (9th Cir.1972), we held that defendant's factual averments regarding the circumstances of his confession are prima facie adequate to raise the issue of voluntariness of his confession and its adverse impact on his decision to plead guilty. The record did not demonstrate that the defendant's plea was voluntary; it reflected only a brief exchange of about ten words between the defendant and the prosecutor, and these words did not contradict defendant's averments. We again concluded that defendant was at least entitled to an evidentiary hearing on the matter. Id. at 1246-47.
 
 
 11
 In Christon's case, by contrast, the guilty plea was quite extensive. The exchange between Christon and the prosecutor covered all portions of the agreement as well as all constitutional guarantees and waivers. Significantly, the question of his voluntariness in relation to all aspects of the agreement was examined by the prosecutor and the judge. In light of these facts, we deny Christon's petition.
 
 
 12
 B. Was Christon Denied Effective Assistance of Counsel?
 
 
 13
 Christon claims that his petition for writ of habeas corpus should be granted because he was denied effective assistance of counsel during his plea. Specifically, he argues that, since the attorneys representing him were hired by his wife, and she stood to gain from the plea, the attorneys had a conflict of interest in the case. As Christon argues, the Sixth Amendment guarantees that all criminal defendants will have the right to the assistance of counsel, "unhindered by a conflict of interest." Cuyler v. Sullivan, 446 U.S. 335, 355 (1980) (Marshall, J., concurring in part and dissenting in part); Thomas v. Municipal Court of the Antelope Valley Judicial Dist. of California, 878 F.2d 285, 288 (9th Cir.1989). However, the government argued and the district court agreed that Christon was represented by two competent attorneys at the hearing, and that these attorneys aided him in making a very rational decision to plead guilty in order to avoid potentially severe sentences and to escape further charges.
 
 
 14
 Based on the record in this case, we agree that Christon has not demonstrated that (1) his counsels' actions were "outside the wide range of professionally competent assistance," and (2) he was prejudiced by reason of counsels' actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). To the contrary, Christon secured the very tangible benefit of avoiding the death penalty or a sentence of life without possibility of parole. The record supports a finding that counsel acted in petitioner's best interest at all times. Thus, we find that the district court did not make a clear error in denying Christon's petition on this ground.
 
 CONCLUSION
 
 15
 For the foregoing reasons we AFFIRM the district court's denial of the petition for writ of habeas corpus.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3