NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> NAJEEB RAHMAN, <br><br> Defendant-Appellant. | No.   17-10200 <br>        17-10445 <br><br> D.C. No. <br> 2:15-cr-00178-LDG-GWF-1 <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted December 17, 2018[**]
San Francisco, California

Before:  GILMAN,[***] PAEZ, and OWENS, Circuit Judges.

Najeeb Rahman appeals from his guilty plea conviction and sentence for

conspiracy to commit wire fraud (18 U.S.C. § 1349).  Rahman argues that the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

district court erred in denying his motion to withdraw his guilty plea because it was not knowing or voluntary. Rahman also argues that his guilty plea was not knowing or voluntary because the district court's plea colloquy did not comport with Federal Rule of Criminal Procedure 11. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss due to a valid appellate waiver.

Rahman's guilty plea includes a standard waiver of his right to appeal that covers this appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) ("We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea."). However, a waiver of appellate rights is enforceable only if the guilty plea itself is knowing and voluntary. *See id.* Thus, whether Rahman waived his right to appeal depends on the merits of his arguments.

Rahman's arguments fail. For starters, the district court did not err in denying Rahman's motion to withdraw his guilty plea. We review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion. *United States v. Briggs*, 623 F.3d 724, 727 (9th Cir. 2010). A defendant may withdraw a guilty plea after entering the plea, but before sentencing, if the defendant can show a "fair and just" reason for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ruiz*, 257 F.3d 1030, 1031 (9th Cir. 2001) (en banc). Rahman asserts two reasons for his request to withdraw his plea.

Rahman's first purported reason is that his counsel misled him to believe that he would receive 18 months of imprisonment total. Where "a defendant shows that his counsel's gross mischaracterization [of a possible sentence] plausibly *could* have motivated his decision to plead guilty," the defendant indeed has a fair and just reason for withdrawal. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008) (alteration and emphasis in original) (internal quotation marks omitted). However, there was no such mischaracterization here because the express language of Rahman's plea agreement provides for more than 18 months of imprisonment, and the record reflects that Rahman understood these terms.

Rahman's second reason for withdrawal is that he was allegedly coerced by a threat from the prosecutor to initiate grand jury proceedings against certain family members if he withdrew from the plea agreement. "We have indicated that governmental threats of criminal sanctions against relatives are relevant to the voluntariness determination." *Sanchez v. United States*, 50 F.3d 1448, 1455 (9th Cir. 1995). If the government could bring a prosecution against a relative in good faith, however, then informing the defendant of that fact does not amount to coercion by itself. *Id.*; *Cortez v. United States*, 337 F.2d 699, 702 (9th Cir. 1964). Instead, voluntariness is evaluated by looking to "the totality of circumstances" and is a "question[] of fact which could only be determined after an evidentiary hearing." *Johnson v. Wilson*, 371 F.2d 911, 912 (9th Cir. 1967). Here, the district

3

court held such an evidentiary hearing and did not abuse its discretion in determining that Rahman's plea was voluntary. The district court recognized that the government could have initiated grand jury proceedings against certain relatives because they were suspected co-conspirators.

In addition, Rahman argues for the first time on appeal that his guilty plea is invalid because of an inadequate Rule 11 colloquy. Our review of a Rule 11 violation not objected to below is limited to plain error. Fed. R. Crim. P. 52(b); *United States v. Vonn*, 535 U.S. 55, 58 (2002). Under plain error review, the defendant bears the burden of demonstrating that there is (1) an error; (2) that is plain; and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). And to establish an effect on substantial rights, "a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Here, Rahman asserts numerous alleged deficiencies in the district court's Rule 11 colloquy, but he makes no argument—other than a few conclusory statements—that he would not have entered the plea had the district court made these disclosures. Thus, even if we assume without deciding that there were errors, Rahman has not met his burden to show that the errors affected his substantial rights.

For the foregoing reasons, we conclude that Rahman's guilty plea was

knowing and voluntary.  Thus, his appellate waiver is effective.

**DISMISSED**.